UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY OBORSKI, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-2237 |
| v. | : | (JUDGE MANNION) |
| CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | : : | |
| Defendant | : | |

## **MEMORANDUM**

Pending before the court is the defendant's motion to dismiss the instant action, (Doc. 7), and the report of Magistrate Judge Martin C. Carlson which recommends that the defendant's motion be granted, (Doc. 12). Based upon the court's review of the record in this action, Judge Carlson's report will be adopted and the instant action dismissed.

As reflected in Judge Carlson's report, the background of this action is not disputed by the parties. The plaintiff filed an application for disability insurance benefits on March 24, 2011. On September 15, 2011, the Commissioner denied the plaintiff's application and, on November 16, 2011, the plaintiff filed a timely request for a hearing before an Administrative Law Judge, ("ALJ").

A hearing was held before the ALJ on January 3, 2013, after which, on February 7, 2013, the ALJ issued a decision denying the plaintiff's application for benefits. The plaintiff filed a timely request for review of the ALJ's decision

with the Appeals Council.

The Appeals Council denied the plaintiff's request for review on September 17, 2014. In the denial notice, the plaintiff was advised of his right to commence a civil action within sixty days from the date of receipt of the notice, and that the Appeals Council would presume that he received a copy of the notice within five days of the date of the notice. The plaintiff was further advised that he could request an extension of the time, if necessary. In order to be timely, the plaintiff needed to have filed the instant civil action on or before November 21, 2014. The plaintiff filed the action on November 24, 2014. (Doc. 1).

On February 25, 2015, the defendant filed a motion to dismiss the plaintiff's complaint as untimely. (Doc. 7). The plaintiff's counsel responded to the defendant's motion conceding that he did not meet the filing deadline, nor did he seek an extension of the deadline from the Appeals Council. (Doc. 10). Citing to a number of mental, physical and emotional challenges relating to himself, counsel indicated that the error in filing the complaint untimely was his responsibility and argued that the plaintiff should not be held accountable. Pursuant to Fed.R.Civ.P. 60(b)(1) and (6) and Fed.R.Civ.P. 61, counsel argued that the defendant's motion to dismiss the complaint should be denied. After considering the parties' filings, Judge Carlson issued a report in which he recommends that the defendant's motion to dismiss be granted and

2

the instant action be dismissed as untimely. (Doc. 12). The plaintiff has filed objections to the report in which he argues that the court should excuse the untimely complaint under the provisions of Fed.R.Civ.P. 60(b)(1) and (6) and Fed.R.Civ.P. 61. (Doc. 13).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

3

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In this case, counsel for the plaintiff does not challenge Judge Carlson's findings that the complaint is time-barred under the applicable statute of limitations for social security appeals and that the doctrine of equitable tolling does not apply. The court has reviewed the report in this respect and finds no clear error of record. The report will therefore be adopted as to these findings.

The plaintiff's counsel objects to Judge Carlson's report arguing that the untimeliness of the complaint should be excused by the provisions of Fed.R.Civ.P. 60(b)(1) and (b)(6) and Fed.R.Civ.P. 61.

Initially, Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." "The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). "One who seeks such extraordinary relief . . . bears a heavy

4

burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967).

Courts considering the issue have held that an attorney's illness is insufficient to constitute the "extraordinary circumstances" necessary to justify the grant of a 60(b)(6) motion. See United States v. Cirami, 563 F. 2d 26, 32 (2d Cir. 1977) (facts short of constructive or actual disappearance of counsel are insufficient to support 60(b)(6) motion); see also Long v. Carberry, 151 F.R.D. 240, 245 (S.D.N.Y. 1993) (party's illness and counsel's personal problems although sympathetic were insufficient basis for grant of 60(b)(6) motion); United States v. 59.88. Acres of Land, 734 F. Supp. 555 (D. Mass. 1990); Douglas v. Kemp, 721 F.Supp. 358 (D.D.C. 1989) (counsel's illness insufficient basis for grant of 60(b)(6) motion).

Although sympathetic to both the plaintiff's and counsel's circumstances, as found by Judge Carlson, these circumstances which do not rise to the level of extraordinariness for purposes of equitable tolling also do not rise to the level of extraordinariness for purposes of Fed.R.Civ.P. 60(b). To find otherwise would allow Rule 60 to invalidate the law underlying the equitable tolling of the statute of limitations applicable to §405(g). As such, the plaintiff's objections on this basis will be overruled and the report of Judge Carlson adopted.

The plaintiff's counsel also argues that the untimeliness of the complaint should be excused pursuant to the provisions of Fed.R.Civ.P. 61. To this

5

extent, he argues that the untimeliness of the complaint was due to his inadvertence, mistake or excusable neglect, and that dismissal of the complaint as untimely under such circumstances would do substantial harm to the plaintiff. On the other hand, counsel argues that excusing the untimely filing and allowing the instant action to proceed would cause "insignificant" harm to the defendant.

>Fed.R.Civ.P. 61 provides:
>
>Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantive rights.

Rule 61 provides that "the court must disregard all errors and defects that do not affect any party's substantial rights". Here, the plaintiff's failure to file the instant action within the applicable statute of limitations relieves the defendant of the burden to defend in the action. As such, overlooking the statute of limitations and allowing the plaintiff to proceed pursuant to Fed.R.Civ.P. 61 would cause more than "insignificant" harm to the defendant. Moreover, accepting counsel's argument, every plaintiff who has an action dismissed as untimely can argue substantial harm and, in turn, seek to have the court simply disregard the applicable statute of limitations pursuant to Fed.R.Civ.P. 61. Such would defeat the purpose of the statute of limitations.

Finding that Fed.R.Civ.P. 61 does not operate to excuse the plaintiff's untimely filing, the plaintiff's objections will also be overruled in this respect.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 12, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2237-01.wpd